MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

RECEIVED FEB 12 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.

| United States District Court | District **OF ALASKA** |
|---|---|
| Name (under which you were convicted): **MICHAEL R STEIN** | Docket or Case No.: |
| Place of Confinement: **Anchorage, Alaska, Cordova Center RRC** | Prisoner No.: **14600-006** |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | **MICHAEL R. STEIN** |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   **UNITED STATES DISTRICT COURT for the DISTRICT OF ALASKA**

   (b) Criminal docket or case number (if you know): **01:03-cr-00001-RRB-ALL**

2. (a) Date of the judgment of conviction (if you know): **Guilty Verdict May 20, 2003**

   (b) Date of sentencing: **SEPTEMBER 24, 2003**

3. Length of sentence: **65 MONTHS, 4 YEARS SUPERVISED RELEASE**

4. Nature of crime (all counts): **ATTEMPT TO POSSESS COCAINE WITH INTENT TO DISTRIBUTE, 500.3 grams**

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? ____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

(1)

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: **U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT**

   (b) Docket or case number (if you know): **03-30459**

   (c) Result: **CONVICTION AFFIRMED**

   (d) Date of result (if you know): **MARCH 27, 2005**

   (e) Citation to the case (if you know): **124 Fed. Appx. 571 (9th Cir. 2005)**

   (f) Grounds raised:

   **Illegal searches and seizures**

   **Illegal delay of mail**

   **Brady violation**

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know): **No 05-8813**

   (2) Result: **Certiorari denied**

   (3) Date of result (if you know): **Order entered 2/27/2006**

   (4) Citation to the case (if you know): **164 L.Ed. 2d**

   (5) Grounds raised: **(1) Conflict amongst circuits as to what facts support a good cause exception to the Fed.R.Crim.P. 12 waiver of consideration of unpreserved issue of illegal search and seizure due to failure of counsel to seek suppression of illegally obtained evidence by a timely filing of a motion to suppress.**
   **(2) Abuse of discretion by 9th COA for failure to provide relief when presented with evidence supporting the use of false evidence at trial.**

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
   Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: **U.S. District Court, District of Alaska**

      (2) Docket or case number (if you know): **J03-0001--cr (RRB) Doc # 48-49**

      (3) Date of filing (if you know): **June 6, 2003**

(2)

(4) Nature of the proceeding:   **Pro se Motion for Judgment of Acquittal**

(5) Grounds raised:

**Brady: Giglio: Jencks: Miranda:
Insufficient evidence:
Coercion of codefendant:
Violation of the right to a speedy trial:
Violation of Fed.R.Crim.P. 403, 404:
Improper joinder:
Illegal search and seizure:
Ineffective assistance of counsel.**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   **NO**

(7) Result:   **Denied as untimely**

(8) Date of result (if you know)   **07/18/03   Document #58**

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:   **U.S. DISTRICT COURT, DISTRICT OF ALASKA**

(2) Docket or case number (if you know)   **Case J03-0001—CR-(RRB) Doc #68**

(3) Date of filing (if you know)   **09/24/03**
(4) Nature of the proceeding   **Motion for New Trial by appointed counsel**
(5) Grounds raised:

**1. Illegal use of unwarranted beeper alerting device.
2. Withholding of beeper installation order until close of testimony phase of trial.
3. Misrepresentations of address particularity for court order and warrants.**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   **NO**

(7) Result:   **Motion denied without defendant's reply or hearing**
(8) Date of result (if you know):   **10/21/03   Document #72**

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
(1) First petition:   **NO**
(2) Second petition:   **NO**

(3)

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: **The governments' opposition to the motion for new trial was sent to discharged counsel. The defense was denied timely reply.**

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground

### GROUND ONE: **The illegal seizure of U.S. Postal Service receipt from defendant's luggage during a consensual search for drugs only.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**On October 26, 2002, agents, supervised by the Drug Enforcement Administration interrogated and searched defendant Stein and his luggage during a one hour detainment at the Seattle-Tacoma International Airport. The defendant consented to a search for drugs only after being coerced by the agents who stated that his gray suitcase had been removed from the normal baggage stream because a drug dog had alerted to his gray suitcase.**

**The defendant had no knowledge of the postal receipt seizure and did not consent to a search of his papers.**

**This fact was withheld until first revealed at trial by the searching agent.**

### Claim – Violation of the Fourth Amendment and Fith Amendment

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?  **NO**
   (2) If you did not raise this issue in your direct appeal, explain why:

   **Appointed appeal counsel failed to argue the issue.**

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application? **YES**
           **TWO PROCEEDINGS**
   (2) If your answer to Question (c) (1) is "Yes," state:
   Type of motion or petition:      **Pro se Petition for Rehearing**

   Name and location of the court where the motion or petition was filed:  **9th COA**

Page 6

Docket or case number (if you know): **Docket # 03-03459**
Date of the court's decision: **Denial 07/27/05**
Result (attach a copy of the court's opinion or order, if available):

**Rehearing denied. Copy attached**

(3) Did you receive a hearing on your motion, petition, or application?  **NO**
(4) Did you appeal from the denial of your motion, petition, or application?  **YES**

**Petition for a writ of certiorari**

(5) If your answer to Question (c) (4) is "Yes," did you raise this issue in the appeal?  **NO**
(6) If your answer to Question (c) (4) is "Yes," state:

Name and location of the court where the appeal was filed:  **U.S. Supreme Court**
Docket or case number (if you know):  **No 05-8813: 164 L.Ed. 2d __**
Date of the court's decision:  **Certiorari denied 2/27/2006**
Result (attach a copy of the court's opinion or order, if available)
(7) If your answer to Question (c) (4) or Question (c) (5) is "No," explain why you did not appeal or raise this issue:

**Appointed counsel failed to raise this issue**

## (c)(2) SECOND POST-CONVICTION PROCEEDING -GROUND ONE

### Issue of illegal seizure of the postal receipt also raised in;

Type of motion or petition:  **Pro se, Second Motion for New Trial.**

Name and location of the court where the motion or petition was filed:  **District of Alaska**

Docket or case number (if you know):  **No. 1:03-cr-00001-RRB-ALL Doc #89**

Date of the court's decision:  **06/12/06**

Result (attach a copy of the court's opinion or order, if available):
**Denied without defendant's reply or hearing**

(3) Did you receive a hearing on your motion, petition, or application?  **NO**
(4) Did you appeal from the denial of your motion, petition, or application?  **YES**
(5) If your answer to Question (c) (4) is "Yes," did you raise this issue in the appeal?  **YES**
(6) If your answer to Question (c) (4) is "Yes," state:

Name and location of the court where the appeal was filed:  **9th Circuit Court of Appeals**
Docket or case number (if you know):  **Docket #: 06-30394**
Date of the court's decision:  **Awaiting transcripts**
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (c) (4) or Question (c) (5) is "No," explain why you did not appeal or raise this issue:

Page 6 (cont'd)

**GROUND TWO:** **The use of un-<u>Miranda</u>-warned statements against the defendant.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Statements allegedly made by the defendant while in custody of DEA supervised agents were admitted at an evidentiary hearing and at trial. During the approximately one hour long detainment at the Seattle/Tacoma International Airport, the defendant was frisked, pockets emptied, made to stand at a table while he was interrogated in the open public entry area of concourse 'C' in front of the crowd of travelers.**
**The defendant never was advised of his <u>Miranda</u> rights and was never advised he was free to go about his business.**

**Claim – Violation of the Fifth Amendment**

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **NO**

(2) If you did not raise this issue in your direct appeal, explain why:
**Appointed counsel failed to raise this issue.**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application? **YES**

(2) If your answer to Question (c) (1) is "Yes," state:

Type of motion or petition ;          **Pro se Motion for Judgment of Acquittal**

Name and location of the court where the motion or petition was filed:
**U.S. District Court, District of Alaska**

Docket or case number (if you know):   **Case J03-0001—CR-(RRB) Doc. #68**

Date of the court's decision:          **07/18/03**

Result (attach a copy of the court's opinion or order, if available):
**Denied without defendant's reply or hearing; Copy Attached**

(3) Did you receive a hearing on your motion, petition, or application? **No**

(4) Did you appeal from the denial of your motion, petition, or application? **No**

(5) If your answer to Question (c) (4) is "Yes," did you raise this issue in the appeal?

(6) If your answer to Question (c) (4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c) (4) or Question (c) (5) is "No," explain why you did not appeal or raise this issue:
**The Pro se defendant did not receive a copy of the 'Government's Response to the Motion for Judgment of Acquittal' or timely notification of the district court's denial.**

<u>GROUND THREE</u>:   **The defendant was prejudiced by the admittance of testimony and exhibits unrelated to the prosecuted violation.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**Seized but legally purchased and legally mailed drug paraphernalia from a severed case were admitted at trial. Five witnesses and seven exhibits were presented to the jury connected to this evidence.**
**A handgun, deposit slips, drug paraphernalia, receipts, and photographs were improperly admitted to prejudice the defendant.**

## CLAIM: Violation of the Fifth Amendment

**(b) Direct Appeal of Ground Three:**
(1) If you appealed from the judgment of conviction, did you raise this issue? **No**

(2) If you did not raise this issue in your direct appeal, explain why:
   **Appointed counsel failed to raise these issues**

**(c) Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion, petition, or application? **YES**

(2) If your answer to Question (c) (1) is "Yes," state:

Type of motion or petition ;   **Pro se Motion for Judgment of Acquittal**

Name and location of the court where the motion or petition was filed:
   **U.S. District Court, District of Alaska**

Docket or case number (if you know):   **Case J03-0001—CR-(RRB) Doc #68**

Date of the court's decision:   **07/18/03**

Result (attach a copy of the court's opinion or order, if available): **Copy attached**

(3) Did you receive a hearing on your motion, petition, or application? **No**

(4) Did you appeal from the denial of your motion, petition, or application? **No**

(5) If your answer to Question (c) (4) is "Yes," did you raise this issue in the appeal? Yes. No

(6) If your answer to Question (c) (4) is "Yes," state:

Name and location of the court where the appeal was filed

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available)

(7) If your answer to Question (c) (4) or Question (c) (5) is "No," explain why you did not appeal or raise this issue:

**The Pro se defendant did not receive a copy of the 'Government's Response to the Motion for Judgment of Acquittal' or timely notification of the district court's denial.**

### Second Post-Conviction Proceeding [Ground three]

Type of motion or petition: **Second Motion for New Trial**

Name and location of the court where the motion or petition was filed: **Dist. of Alaska**

Docket or case number (if you know): **No. 1:03-cr-00001-RRB-ALL Doc #89**

Date of the court's decision: **06/12/06**

Result (attach a copy of the court's opinion or order, if available):

**Denied without defendant's reply or hearing; Copy Attached**

(3) Did you receive a hearing on your motion, petition, or application? **NO**

(4) Did you appeal from the denial of your motion, petition, or application? **YES**

(5) If your answer to Question (c) (4) is "Yes," did you raise this issue in the appeal? **YES**

(6) If your answer to Question (c) (4) is "Yes," state:

Name and location of the court where the appeal was filed: **9th Circuit Court of Appeals**

Docket or case number (if you know): **Docket #: 06-30394**

Date of the court's decision: **Awaiting transcripts**

(7) If your answer to Question (c) (4) or Question (c) (5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR: **The defendant was denied a speedy trial.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**The trial, set for April 1, 2003, was delayed by improper joinder with an unrelated then severed case to allow the government to change courts, coerce witness testimony and procure cocaine evidence. The defendant was brought to trial 123 days after arraignment.**

**(b) Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
**No**

(2) If you did not raise this issue in your direct appeal, explain why:
**Appointed counsel failed to raise this issue.**

**(c) Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion, petition, or application?
**YES**

(2) If your answer to Question (c) (1) is "Yes," state:

Type of motion or petition ;   **Pro se Motion for Judgment of Acquittal**

Name and location of the court where the motion or petition was filed:
**U.S. District Court, District of Alaska**

Docket or case number (if you know):   **Case J03-0001—CR-(RRB) Doc #68**

Date of the court's decision:   **07/18/03**

Result (attach a copy of the court's opinion or order, if available):
**Copy attached**

(3) Did you receive a hearing on your motion, petition, or application?
**No**

(4) Did you appeal from the denial of your motion, petition, or application?
**No**

(5) If your answer to Question (c) (4) is "Yes," did you raise this issue in the appeal? Yes. No

(6) If your answer to Question (c) (4) is "Yes," state:

Name and location of the court where the appeal was filed

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available)

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
**Pro se Movant Stein did not receive a copy of the 'Government's Response to the Motion for Judgment of Acquittal' or timely notification of the district court's denial.**


**Ground Five –Violations of search and seizure -- additional pages**
**Ground Six – Ineffective Assistance of Counsel -- additional pages**

**Additional Grounds to be submitted in amended supplemental filing pending appointment of counsel.**

**Motion for leave to file amended motion to vacate and motion for appointment of counsel filed concurrently with this pleading.**


13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
**Due to lack of legal training and experience, Movant Stein was unaware of the grounds presented until exposed to the research materials provided while incarcerated.**
**Additionally, the Courts' prevented Movant Stein from obtaining access to his case materials which revealed new facts to initiate and support the claims presented.**

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? **Yes**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.
**U.S. District Court, District of Alaska): case # 01:03-cr-00001-RRB-ALL: Doc #89**
**[Pro se second] Motion for New Trial, based on <u>Brady</u>, due process, Fourth Amendment violations and newly discovered evidence.**

-11-

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
   (a) At preliminary hearing:
   (b)
**William B. Carey
1502 West 34th Avenue, AK 99502 :( 907) 248-1144
Family Law Lawyer**

   (b) At arraignment and plea: **Carey**
   (c) At trial: **Carey**

   (d) At sentencing:
**Hugh W. Fleischer
310 K Street, Suite 200 Anchorage, AK 99501 (907) 264-6635
Employment Law Firm**

Page 11 cont'd

## Ground Five: Violation of the Fourth Amendment

Law enforcement agents failed to comply with Constitutional law, statutes, Fed.R.Crim.P. 41, and agency rules controlling searches and seizures.

Movant Stein's rights under the Fourth Amendment and it prodigy where violated by trained and experienced law enforcement when they knowingly failed:

To corroborate anonymous information passed amongst several agencies resulting in improper detainment, search and seizure.

To provide complete information to judicial authority through the intentional use of misrepresentations and omissions when submitting affidavits and testimony for issuance of a court order and search warrants.

To seek federally supervised search warrants from an available federal magistrate judge.

- To execute warrants as instructed by the issuing judicial authority
- To execute warrants during times specified
- To provide copies of warrants and affidavits or provide a receipt for the property taken
- To prepare and verify an inventory of any property seized
- To read the warrant before execution
- To seek modification of a warrant by the judicial authority awaiting its execution prior to usurping that authority to demonstrate the unfettered use police power
- To enter the exact times of execution
- To limit seizure to the evidence or fruits of crime or illegally possessed property.
- To insure that a complete record of testimony taken in support of a warrant was recorded

Judicial authorities failed:

- To require reasonable supporting testimony and documentation corroborating law enforcement statements.
- To establish probable cause when relying entirely on the existence of sole source anonymous information which was

-13-

    uncorroborated.
To file a verbatim transcript or recording with the clerk.
To enter the location and time of issuance
To expressly authorize execution outside of daytime
To require complete inventory
To enforce the production of the inventory record as instructed in the warrant
To deliver to the clerk in the district all related warrant related Materials
To particularly describe the persons and property to be searched
To specifically identify the property to be seized

Page 11 cont'd

## Ground Six: Ineffective Assistance of Counsel

**Appointed trial counsel failed:**
    To seek defendant's release on bail
    To enforce the defendant's right to a speedy trial
    To object to superseding indictments on exactly the same events and evidence
    To review the contraband allowing the prosecution to proceed without any drugs
    To file a motion to suppress evidence on this indictment
    To file any pretrial motions unique to the prosecuted indictments.
    To prepare a strategy for the defense
    To prepare any opening statement
    To subject the prosecution's case to meaningful adversarial testing.
    To introduce exculpatory evidence
    To object to alleged prior criminal activity evidence
    To impeach witnesses with available facts
    To reveal the cocaine at trial did not match the cocaine seized
    To protect the defendant's right to confront witnesses
    To object to hearsay evidence
    To object to admission of statements allegedly made by the defendant without <u>Miranda</u> warnings
    To raise an entrapment defense
    To file the standard motion for judgment of acquittal
    To prepare a closing statement supporting the defenses' theory
    To advise the jury of defendant's lack of criminal convictions
    To advise the jury no evidence was admitted that defendant used cocaine
    To properly preserve issues and errors for appeal

    **Claim:** The collective failures of trial defense counsel prevented Defendant Stein from receiving effective assistance counsel in pretrial actions and at trial events, violating the Sixth Amendment

**Appointed sentencing counsel failed:**
    To communicate with defendant
    To present the defendant's issues with the sentencing report
    To effectively argue for the "safety valve" exception
    To present documentation proving the trial cocaine was not the seized cocaine
    To show the weight used for sentencing was erroneous

To subject the conditions of supervised release to review in consideration of the defendant's unproven abuse of drugs or alcohol

**Claim:** The failures of sentencing counsel resulted in a judgment in excess of the guidelines violated the Sixth Amendment

**Appointed appellate counsel failed:**
To consult with defendant
To seek complete transcripts and records
To present the numerous meritorious issues clearly supported by the record
To properly argue the three issues presented
To argue the failures of sentencing and trial counsel
To understand the Federal Rules of Criminal Procedure, Rule 12, 41, 52, 402, 403, 404
To see merit in the filing of a petition for a writ of certiorari for Supreme Court review

**Claim:** The failures of appellate counsel denied defendant of his statutory right to effective assistance of counsel on direct appeal

These issues were previously raised in the pro se pleadings and letters to the courts.

Page 12

(e) On appeal:

**Mathew W. Claman**

**Claman Law Firm. Address:, 425 G. Street Suite 610,Anchorage, AK 99501**

**(907) 277-0772   Admiralty/Maritime**

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

**On appeal from the denial of a pro se motion for new trial**

**Joseph P. Josephson,**

912 W 6th Avenue Anchorage, AK    907- 276-0151

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   **No**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   **No**

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes . No .

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

**The last action on this conviction was final upon the United States Supreme Court denial of a Petition for Writ of Certiorari entered February 27, 2006.**

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

## Vacate the sentence

or any other relief to which movant may be entitled.
Signature of Attorney (if any)
I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 **was filed with the Clerk for the U.S. District Court, District of Alaska on February 12, 2007**

Executed by **Michael R. Stein** on **February 12, 2007**

*[signature]*
**MOVANT**

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

### INFORMA PAUPERIS DECLARATION

[Insert appropriate court]

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**U.S. District Court**
**District of Alaska**

Respectfully submitted this 12th day of February, 2007

*[signature]*
Michael R. Stein      **pro se**
130 Cordova Street
Anchorage, Alaska 99501
907-274-1022 Ext 78509

### Certificate of Service

I hereby certify that on February 12, 2007 a copy of the foregoing motion for appointment of counsel was hand delivered to counsel of record:

Karen Loeffler
Assistant United States Attorney
Federal Building & U.S.Courthouse
222 West Seventh Ave., Room C-252
Anchorage, Alaska 99513