UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES of AMERICA   v.   MICHAEL R. STEIN

THE HONORABLE RALPH R. BEISTLINE

DEPUTY CLERK                                                        CASE NO. 1:03-cr-00001-RRB

Carolyn Bollman

PROCEEDINGS: **Minute Order From Chambers**            DATE: April 29, 2008

    On April 28, 2008, Michael R. Stein, representing himself, filed a motion to reconsider this Court's denial of his motion for appointment of counsel and his motion to file a habeas petition while his case was on appeal.[1]  However, a motion for reconsideration of that Order is not appropriate where the Court's ruling was correct.[2]

    Instead, now that the decision and mandate affirming this Court's denial of his motion for a new trial has been issued,[3] Mr. Stein may file an appropriate and timely motion under 28 U.S.C. § 2255,[4] and may apply for counsel.

    The Clerk of Court will send form AO-243, "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," form USDCA 40, Application for Appointment of Counsel, and CJA 23, Financial Affidavit, to Mr. Stein with this Order.

    IT IS SO ORDERED.

---

[1] *See* Docket No. 118.

[2] *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997), quoting *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991), *cert. denied*, 503 U.S. 975 (1992), and *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir.1987).

[3] *See* Docket Nos. 116, 117.

[4]  Mr. Stein is cautioned that there is a one-year limitations period in which to file a habeas petition under 28 U.S.C. § 2255.  "For the purpose of starting the clock on § 2255's one-year limitation period, ... a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. U.S.*, 537 U.S. 522, 525 (2003).

[stein recon.wpd]{IA.WPD*Rev.12/96}