# MINUTES OF THE UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

UNITED STATES v. MICHAEL R. STEIN

Case No. *1:03-cr-001-RRB-JDR*

**THE HONORABLE JOHN D. ROBERTS, United States Magistrate Judge**

## MINUTE ORDER FROM CHAMBERS

**RE: Motion [135] for Clarification, Modification, or Reconsideration of Order at Docket 134.**

Defendant **Michael R. Stein** moves the court for clarification of the Order entered at Docket 134 addressing issues of the 2255 motion. Docket 135. The Government did not file an Opposition to the motion and the matter is now ripe for review.

The Court previously issued an interpretation of the list of grounds which Mr. Stein raises in support of his Motion at Docket 120. Mr. Stein filed the instant motion in order to clarify his claim at Ground 5. The Court GRANTS Mr. Stein's Motion to Clarify to the extent noted herein. The Court reads Mr. Stein's Ground 5 Claim to be a Fourth Amendment Claim. The Court expands it's reading of his claim to include the sub-parts listed below, in addition to the original reading of Ground 5. As with the previous order regarding the issues identified from Defendant's Motion to Vacate, the Court is not making a decision as to the merits or validity of any of the Defendant's claims in this Order.

Ground 5: Law enforcement officers and judicial officials violated Defendant's right to be free from unreasonable searches and seizures by their use of improper applications for and issuances of search warrants violating the Constitution, statutes, agency procedures for searches and seizures and Federal Rule of Criminal Procedure 41, in violation of Defendant's Fourth Amendment rights.

    A. The Defendant's mail was illegally seized.

    B. The beeper order was issued by a federal judicial officer prior to an anticipatory warrant in violation of Federal Rule of Civil Procedure 41.

    C. The beeper warrant failed to indicate the location and time of its' issuance.

D. The search warrant issued while the Defendant was detained at SEATAC did not properly describe the person or property to be seized.

E. The search warrant issued while the Defendant was detained at SEATAC lacked probable cause and the authorities requesting the warrant failed to corroborate the anonymous witness tip.

F. The search warrant for the package was not executed properly upon delay of the package and during daylight.

G. The search pursuant to the issuance of the search warrant for the package was not timely conducted.

H. The search warrant was not provided to the Defendant before its execution.

**Entered at the direction of the Honorable John D. Roberts, United States Magistrate Judge**
September 15, 2010

Any request for other information or for clarification, modification, or reconsideration of this Order, or for extension of time must be made as a motion. See FED.R.CIV.P. 7(b)(1); D.Ak.LR. 7.1(1). No one should telephone, fax or write to chambers regarding pending cases. The magistrate judge's judicial assistant and/or law clerk are not permitted to discuss any aspect of this case, provide any information or communicate with any person including litigants, lawyers, witnesses and the public regarding cases.

T:\00 C R I M I N A L\00 2255's\1-03-cr-001-RRB-JDR STEIN 2255\1-03-cr-001-RRB-JDR STEIN 2255 MO Re Mtn @135_mtd_mtd-a.wpd